a

## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## ALEXANDRIA DIVISION

| | |
|---|---|
| ANDREW MAYO #774817,<br>Plaintiff | CIVIL DOCKET NO. 1:24-CV-00386<br>SEC P |
| VERSUS | JUDGE EDWARDS |
| WILLIAM SMITH,<br>Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

## REPORT AND RECOMMENDATION

Before the Court is a civil rights Complaint under 42 U.S.C. § 1983 (ECF No. 1) filed by pro se Plaintiff Andrew Mayo ("Mayo"). Mayo is incarcerated at the David Wade Correctional Center in Homer, Louisiana. He alleges that Detective William Smith of the Pineville Police Department violated his constitutional rights.

Because Mayo's claim for monetary damages is barred, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE.

## I.    Background

Mayo alleges that Detective Smith made a false statement on an affidavit of probable cause for Mayo's arrest. Mayo was subsequently convicted of second-degree murder and sentenced to life imprisonment. *State v. Mayo*, 2023-183, p. 1 (La.App. 3 Cir. 11/8/23), *writ denied*, 2024-00011 (La. 6/5/24); 385 So.3d 1160.

1

## II.   Law and Analysis

### A.   Mayo's Complaint is subject to preliminary screening.

Mayo is a prisoner who has been allowed to proceed *in forma pauperis*.  ECF No. 4.  Therefore, his Complaint is subject to preliminary screening.  *See* 28 U.S.C. § § 1915(e)(2); 1915A; *see also Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam); *Rosborough v. Mgmt. and Training Corp.*, 350 F.3d 459, 461 (5th Cir. 2003). Both §§ 1915(e)(2)(B) and 1915A(b) provide for sua sponte dismissal of a complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

### B.   Mayo's claim for damages is barred.

If a favorable judgment would necessarily imply the invalidity of a prisoner's conviction or the length of his confinement, a civil action seeking damages related to that conviction cannot be raised until the conviction has been reversed on direct appeal, expunged by executive order, or otherwise declared invalid in a collateral proceeding or by the issuance of a federal writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 487 (1994).  A judgment for damages based on an affidavit of probable cause that allegedly contains false statements necessarily implies the invalidity of Mayo's conviction.  *See Garcia v. Dallas Police Dep't*, No. 3:13–CV–1261, 2013 WL 5433510, at *2 (N.D. Tex. 2013) ("[Plaintiff's] claims for false arrest based on perjury and illegal search and seizure clearly challenge the validity of his state court convictions and are therefore barred under *Heck*"), *report and recommendation*

*adopted* 2013 WL 5434165 (N.D. Tex. 2013); *Billiot v. Beavers*, No. 12-2946, 2013 WL 1099060, at *3 (E.D. La. 2013) (finding "claims that the evidence against [Plaintiff] was obtained based on a fraudulently procured search warrant and an illegal search and seizure . . . would necessarily imply the invalidity of a conviction based on such evidence"), *report and recommendation adopted* 2013 WL 1098080 (E.D. La. 2013); *McMillen v. Nunley*, No. 3:02-CV-2367, 2003 WL 22227863, at *2 (N.D. Tex. 2003) ("If plaintiff can prove that defendant made false statements to secure the search warrant . . . such success would necessarily call into question his conviction."), *report and recommendation adopted* 2003 WL 22469080 (N.D. Tex. 2003). Mayo's conviction has not been reversed, expunged, or declared invalid. *See Mayo*, 2023 WL 7391045 (3 Cir. 11/8/23). Therefore, his request for damages is barred by *Heck*.

## III.   Conclusion

Because Mayo's claim is barred by *Heck*, IT IS RECOMMENDED that the Complaint (ECF No. 1) be DENIED and DISMISSED WITH PREJUDICE under §§ 1915A and 1915(e)(2) until such time as the *Heck* conditions are met.[1]

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and

---

[1] *See Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996) (explaining that claims barred by *Heck* should be "dismissed with prejudice to their being asserted again until the *Heck* conditions are met").

Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause.  A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, July 18, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE

4